UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

          NO. CIV. S-11-2011 LKK/GGH

    Plaintiff,

   v.

          O R D E R

RANEY GEOTECHNICAL, INC.
and ACE AMERICAN INSURANCE
COMPANY,

    Defendants.
_____/

    This diversity action concerns a primary policy of commercial general liability insurance issued by Plaintiff Travelers Property Casualty Company of America ("Travelers") to Defendant Raney Geotechnical, Inc. ("Raney"). The subject matter of the underlying dispute between the parties involves coverage of a job-site accident.

    Presently before the court is Plaintiff/Counter-Defendant Travelers' motion to dismiss portions of Raney's first amended counterclaim. Pl's Mot., ECF No. 55. For the reasons provided below, the court grants Travelers' motion to dismiss.

1

## I. BACKGROUND

**A. Defendant Raney's First Amended Counterclaim**[1]

Travelers issued a primary policy of commercial general liability insurance to Raney, numbered 680-4796L294, effective 01/01/2009 through 01/01/2010. Raney Countercl., ECF No. 50, at 2. The policy provided, <u>inter alia</u>, for defense of potentially covered claims.

Defendant ACE American Insurance Company ("Ace") issued a professional liability policy to Raney for the policy period 01/01/2010 to 01/01/2011 on a "claims made and reported" basis, with a retroactive date of 01/01/1979. <u>Id.</u> at 3.

On or about May 20, 2008, Raney entered into a contractual agreement with Broadstone Land, LLC, owner of a construction project known as Palladio at Broadstone ("Project"). <u>Id.</u>

Under the terms of that contract, Raney was to perform inspection of field welding for the benefit of the owner. <u>Id.</u> Raney's duties did not include inspection of roof openings or roof coverings or job site safety on the Project. <u>Id.</u>

Pursuant to the contract, a Raney employee lifted a piece of roof decking that covered a hole in the roof for the purpose of inspecting welds below the roof line through the opening. <u>Id.</u> The Raney employee returned the roof decking to its position over the

---

[1] These allegations appear in the Defendant Raney's First Amended Countercl., ECF No. 50, unless otherwise specified. The allegations are taken as true for purposes of this motion only. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

roof hole. Id. Raney's employee did not advise of the presence of the covered roof hole. Subsequently Javier Corona, an employee of Butte Steel & Fabrication, Inc. ("Butte Steel") fell through the hole suffering personal injuries. Id.

On or about December 22, 2009, Javier Corona and his wife, Irma Corona, filed suit against S.D. Deacon General Contractor and other entities, including Raney, alleging damages resulting from the accident. Id. (citing Corona v. S.D. Deacon General Contractor, et al., Sacramento Cnty. Sup. Ct. No. 34-2009-00067147) ("Underlying Action")).

Raney tendered its defense in the Underlying Action to Travelers under its primary commercial general liability policy and to Ace under its primary professional liability policy. Id.

Travelers and Ace each acknowledged that it would defend Raney in the Underlying Action. Id. Thereafter, Raney was informed that the two insurers had agreed to share the costs of Raney's defense; however, on and after July 22, 2011, Travelers retained separate defense counsel, refusing thereafter to share in the cost of Raney's defense counsel initially assigned by Ace. Id. at 3-4.

On July 14, 2011, Travelers' coverage counsel, Christine Fierro, by e-mail, advised Raney's coverage counsel that, "to the extent Travelers contributes to settlement of claims, Travelers expressly reserves the right to seek reimbursement from Raney Geotechnical." Id. at 4.

On or about July 29, 2011, Travelers filed a complaint for declaratory relief against Raney, seeking a declaration from the

3

1  court that Travelers had no duty to defend Raney and seeking an
2  award of its costs, but no reimbursement of defense expenditures
3  on Raney's behalf. Id.
4      On August 3, 2011, attorney Fierro for Travelers addressed a
5  letter to Raney's coverage counsel, advising that Travelers
6  disputed coverage and was seeking a resolution of its coverage
7  dispute; however, the letter acknowledged that Travelers was
8  defending and the coverage suit did not assert any right to
9  reimbursement of defense costs. Id.
10     On October 28, 2011, attorney Kimberly R. Arnal for Travelers
11 addressed a letter to Raney's coverage counsel, again advising that
12 any settlement of the underlying litigation was subject to the
13 right to seek reimbursement of settlement funds. Id.
14     By November 1, 2011, Raney's defense counsel in the Underlying
15 Action had advised Travelers and Ace, along with Raney, that Javier
16 and Irma Corona had accepted Raney's offer to compromise their
17 claim in the total sum of $900,000. Id. The defense counsel
18 intended to secure a good faith order respecting the settlement.
19     Raney, assertedly in reliance upon Travelers' correspondence
20 noted above, agreed to the settlement of Javier and Irma Corona's
21 action. Id. Raney's two insurers agreed to split the settlement,
22 expecting to seek and obtain a good faith settlement order
23 eliminating any equitable indemnity claims against Raney in the
24 Underlying Action. Id. at 4-5. To facilitate its insurers' mutual
25 interest, Raney then agreed to stipulate or forego any
26 indemnification claims against its co-defendant, Deacon, at the

1  request of the insurers' assigned defense counsel. Id. at 5.

2  Travelers thereafter asserted a defense cost reimbursement claim against Raney and demanded that Raney answer Travelers' lawsuit, which compelled Raney to hire and incur the cost of an attorney. Id.

6  In its counterclaim, Raney seeks declaratory relief to resolve "whether Travelers, like Ace, is obligated to defend and incur the costs of Raney's defense in the Underlying Action." Id. at 6. Raney further asserts, inter alia, that "Travelers is estopped to disclaim or deny its duty to defend Raney in respect to the claims alleged and settled in the Underlying Action," and that Travelers breached the implied duty of good faith and fair dealing in asserting, after settlement, a claim for reimbursement against Raney for defense expenses thereby compelling Raney to incur attorney's fees and costs. Id.

16  Raney attaches, as an exhibit to its first amended counterclaim, a letter from Diane Frazier, Senior Technical Specialist for Travelers, to John Raney, for Raney Geotechnical, dated June 9, 2010. Id. at Ex. A (Travelers' June 9, 2010 Letter). The opening paragraph of the letter states, in part:

> Travelers concludes that it will provide Raney with a defense in this matter subject to a full and complete reservation of rights regarding certain coverage issues. . . . [a]ny settlement reached with the plaintiff or judgment that is granted in favor of the plaintiff may not be covered under your General Liability policy. Travelers reserves the right to seek recovery of any and all settlements or judgments that may be paid on behalf of Raney by Travelers. Travelers also reserves its right to withdraw its participation in defense of

5

1      this Complaint [of the Underlying Action] should it
2      later determine that coverage does not apply.
       Should this be the case, Travelers also reserves
3      its rights to recover any and all fees and costs
       that have been expended in the defense of this
4      matter and/or to pro-rate such defense fees and
       costs between covered and uncovered claims under
5      the Travelers' policy.

6  Id. at 9.[2]  The last page of the letter also states that "defense
7  of this lawsuit has been accepted, subject to a full and complete
8  reservation of rights."  Id. at 13.

9       Raney also attaches as an exhibit an e-mail from Christine
10 Fierro, counsel for Travelers, to Craig Farmer, counsel to Raney,
11 dated July 14, 2011.  Id. at Ex. B (Travelers July 14, 2011 e-
12 mail).  Fierro's e-mail states, in part, "As you are aware,
13 Travelers disputes the applicability of its coverage in this matter
14 and is defending under a reservation of rights.  To the extent
15 Travelers contributes to the settlement of claims, Travelers
16 expressly reserves the right to seek reimbursement from Raney
17 Geotechnical."  Id. at 16.

18      Raney additionally attaches a letter from Christine Fierro,
19 counsel for Travelers, to Blane A. Smith, counsel for Raney, dated
20 August 3, 2011.  Id. at Ex. C (Travelers August 3, 2011 letter).
21 The letter states, "Travelers is defending Raney Geotechnical,
22 Inc., in the above captioned litigation and has participated in
23 every mediation held in an effort to resolve the suit."  Id. at 18.

---

25      [2] Page numbers to exhibits cited herein refer to the court's
   electronic pagination system, and not to any internal page numbers
26 of the exhibits themselves.

6

1  The letter further declares, "As Travelers has made clear, it
2  disputes coverage and has filed a declaratory relief action, as is
3  its right, to determine coverage under the policy.  While it seeks
4  resolution of the coverage issue, it continues to defend Raney
5  meaningfully and will work with Ace to explore possible resolution
6  of the Corona suit."  Id. at 19.
7      Finally, Raney attaches a letter from Kimberly Arnal, counsel
8  for Travelers, to Craig Farmer, counsel for Raney, dated October
9  28, 2011.  Id. at Ex. D (Travelers October 28, 2011 Letter).  The
10 letter provides, as is relevant to the present motion, that
11 "Travelers has been providing Raney Geotechnical, Inc. . . . with
12 a defense under policy number IE680-4796L294.[] Travelers' defense
13 has been and continues to be pursuant to a full reservation of its
14 rights, as set forth in a letter dated June 9, 2010."  Id. at 21.
15 The letter continues that, "[p]er Travelers' June 9, 2010
16 reservation of rights letter, it is Travelers' position that the
17 instant loss [Travelers' contribution to the settlement of
18 $450,000] is not covered by the Travelers policy.  As such, we
19 write to remind Raney that Travelers' settlement contribution is
20 subject to a reservation of its rights to seek reimbursement of the
21 settlement funds."  Id. at 21-22.

**B. Travelers' Motion to Dismiss Portions of Raney's First Amended Counterclaim**

24     Plaintiff/Counter-Defendant Travelers moves to dismiss the
25 portions of Raney's first amended counter-claim related to Raney's
26 claims for estoppel and breach of the implied covenant of good

7

faith and fair dealing.  Pl's Mot., ECF No. 55.

As to Raney's estoppel claim, Travelers argues that the claim fails as a matter of law because the exhibits attached to Raney's counterclaim establish that "at all times Raney was aware that Travelers[] intended to seek reimbursement of its defense costs"; "Travelers continually reminded Raney that its defense was being provided pursuant to a reservation of rights"; and Travelers' reservation of rights was "sufficient to place Raney on notice of Travelers' intent to seek reimbursement of defense costs." Id. at 6-8.

As to Raney's claim for breach of the implied covenant of good faith and fair dealing, Travelers argues that "because Travelers cannot be estopped as a matter of law, Raney's estoppel allegations cannot form the basis of a bad faith claim" and that Raney's "bad faith allegation fails" because "Travelers has not withh[e]ld any policy benefits." Id. at 9. Travelers further argues that "the mere filing of a declaratory relief [action] by an insurer is not bad faith." Id. at 10.

Raney counters by arguing, inter alia, that: (1) "unless Travelers first exercised a reserve right to withdraw from defense[,] which it did not do, Travelers did not reserve the right to sue Raney to seek defense cost reimbursement"; and (2) Travelers acted in bad faith "by recognizing Travelers had no defense cost reimbursement claim to make against Raney," yet still "pursuing its insured for defense cost reimbursement." Id. at 9, 12.
////

**II. STANDARD FOR A MOTION TO DISMISS**

A Federal Rule of Civil Procedure 12(b)(6) motion challenges a complaint's compliance with the requirements provided by the Federal Rules.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation and modification omitted).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).  "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50.  Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss.  The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).[3]

---

[3] The court also may consider certain limited evidence on a motion to dismiss.  As an exception to the general rule that non-conclusory factual allegations must be accepted as true on a motion to dismiss, the court need not accept allegations as true when they

9

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations.  Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### III. ANALYSIS

**A. Equitable Estoppel**

The doctrine of equitable estoppel is founded on concepts of equity and fair dealing.  It provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment. People v. Castillo, 49 Cal.4th 145, 156 n.10, 109 Cal.Rptr.3d 346, 230 P.3d 1132 (Cal. 2010). The elements of the doctrine are that: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct

---

are contradicted by this evidence. See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.  Id. (citing City of Goleta v. Superior Ct., 40 Cal.4th 270, 279, 52 Cal.Rptr.3d 114, 147 P.3d 1037 (Cal. 2006); City of Long Beach v. Mansell, 3 Cal.3d 462, 488, 91 Cal.Rptr. 23, 476 P.2d 423 (Cal. 1970)).  Where one of the elements is missing, there can be no estoppel.  In re Marriage of Brinkman, 111 Cal.App.4th 1281, 1289 (Cal. Ct. App. 2003)(internal citation omitted).

In essence, Raney argues that Travelers intentionally led Raney to believe that Travelers would reserve the right to sue Raney to seek defense cost reimbursement *only if* Travelers first exercised a reserve right to withdraw from defense and that, by participating in the defense of Raney, Travelers is now estopped from seeking defense cost reimbursement.  Raney's suggested interpretation of its communications with Travelers appears to this court to be patently unreasonable.

Travelers' June 9, 2010 letter, upon which Raney's interpretation is based, states:

> Travelers also reserves its right to withdraw its participation in defense of this Complaint [of the Underlying Action] should it later determine that coverage does not apply.  Should this be the case, Travelers also reserves its rights to recover any and all fees and costs that have been expended in the defense of this matter and/or to pro-rate such defense fees and costs between covered and uncovered claims under the Travelers' policy.

Raney Countercl., ECF No. 50, at Ex. A, 9. It is clear to the court that the phrase beginning with "[s]hould this be the case," refers to the statement, "should [Travelers] later determine that coverage does not apply," and *not* to Travelers' reservation of "its right to withdraw its participation in defense." It defies reason to interpret the above paragraph to mean that Travelers' ability to seek reimbursement for expended defense costs is preconditioned upon the initial withdrawal of its participation from such defense.

Furthermore, none of the subsequent communications between Travelers and Raney bolster Raney's interpretation of their agreement. The communications in which Travelers indicated that it seeks reimbursement for its contribution to the settlement do not, in any way, indicate that Travelers waived its right to seek contribution for the defense costs as well. In fact, consistent throughout the communications between Travelers and Raney is Travelers' assertion that it was defending under a reservation of rights.

A plain reading of the communications between Travelers and Raney cannot support Raney's interpretation of Travelers' reservation of rights. Raney's allegations therefore cannot plausibly give rise to finding that Travelers intentionally led Raney to believe that Travelers could only seek reimbursement for expended defense costs if it withdrew its participation from such defense. Moreover, based on a plain reading of the parties' communications, the court cannot reasonably infer that Raney was ignorant of the true interpretation of Travelers' reservation of

rights. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Raney therefore fails to allege a claim for estoppel.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. Carma Developers, Inc. v. Marathon Development California, Inc., 2 Cal.4th 342, 371, 6 Cal.Rptr.2d 467, 826 P.2d 710 (Cal. 1992) (citing Res.2d Contracts § 205). The implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Guz v. Bechtel National, Inc., 24 Cal.4th 317, 349-50, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (Cal. 2000). "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." Id. at 349 (emphasis included). "The covenant thus cannot be endowed with an existence independent of its contractual underpinnings." Id. (internal quotation omitted).

Raney's argument of bad faith on the part of Travelers is based upon its argument for estoppel; that is, Raney argues that Travelers acted in bad faith by seeking reimbursement for its

13

defense costs when it never properly reserved that right of reimbursement. See Def's Countercl., ECF No. 50, at 6 ("Travelers breached the implied duty of good faith and fair dealing in belatedly, after settlement, asserting a claim to reimbursement against Raney for defense expenses thereby compelling Raney to incur attorney's fees and costs"); Def's Opp'n, ECF No. 60, at 8 ("Travelers knew by its own correspondence with Raney that it never reserved the right to seek reimbursement of <u>defense</u> funding <u>unless Travelers first</u> withdrew from participating in Raney's defense.") (emphasis included). Because Raney's estoppel claim fails for the reasons provided above, the estoppel claim cannot successfully provide the basis for Raney's claim for breach of the implied covenant of good faith and fair dealing.

Put another way, Raney's claim for breach of the implied covenant of good faith and fair dealing is based on an untenable reading of the benefits it was to receive pursuant to Travelers' reservation of rights. Because the implied covenant of good faith and fair dealing cannot "impose substantive terms and conditions beyond those to which the contract parties actually agreed," <u>Guz</u>, 24 Cal.4th at 349, and crediting Raney's interpretation of the parties' communications would impose substantive conditions upon Travelers outside of those agreed upon, Raney's claim for breach of the implied covenant fails.

Because Raney fails to properly allege its claims for estoppel and breach of the implied covenant of good faith and fair dealing,

Travelers' motion to dismiss those portions of Raney's first amended counterclaim is granted.

Because the court cannot be sure, however, that no claims against Travelers can be pled for estoppel or breach of the implied covenant of good faith and fair dealing, Defendant Raney's claims are dismissed without prejudice.

### IV. CONCLUSION

For the reasons provided above, Travelers' motion to dismiss portions of Raney's first amended counterclaim, Pl's Mot., ECF No. 55, is GRANTED. The contested portions of Raney's first amended counterclaim are therefore dismissed without prejudice.

IT IS SO ORDERED.

DATED: June 20, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT